UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| UNITED STATES OF AMERICA | ) | CASE NO: 2:21-CR-22 |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | |
| TRAVIS MCMICHAEL | ) | |
| GREGORY MCMICHAEL and | ) | |
| WILLIAM "RODDIE" BRYAN | ) | |

**GOVERNMENT'S UNOPPOSED MOTION FOR COMPLIANCE WITH THE INTERSTATE AGREEMENT ON DETAINERS**

NOW COMES the United States of America, by and through David H. Estes, United States Attorney for the Southern District of Georgia; Kristen M. Clarke, Assistant Attorney General for the Civil Rights Division; and the undersigned attorneys, respectfully asking this Court to order explicitly that the defendants, who are now in federal custody for purposes of a motions hearing in federal court on January 21, 2022, shall remain in federal custody until the completion of all federal proceedings related to this case. The defendants must remain in federal custody in order to avoid violating the anti-shuttling provisions of the Interstate Agreement on Detainers (IAD), discussed below.

The defendants were sentenced in state court on January 7, 2022, on their convictions for murder and other state crimes in connection with the death of Ahmaud Arbery. Having been sentenced to terms of imprisonment in the Georgia Department of Corrections, these defendants are now "prisoners" of the State of Georgia, entitled to the protections of the IAD. The IAD provides prisoners in one jurisdiction (in this case, the State of Georgia) with a way to ensure prompt disposition of charges pending

1

in another member jurisdiction (in this case, the United States).  See United States v. Mauro, 436 U.S. 340, 343 (1978).

In furtherance of that goal, the IAD contains an "anti-shuttling provision," the purpose of which is to minimize the disruption to an inmate's full and meaningful participation in the available rehabilitative programs offered by a sending state. United States v. Gouse, 798 F.3d 39, 43 (1st Cir. 2015).  To achieve that purpose, the provision attempts to limit the number of times that a prisoner is moved back and forth between jurisdictions.  18 U.S.C. App. 2, § 2, Art. IV(e).  The IAD provides that "[i]f trial is not had on any indictment, information, or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment . . . such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice." Id.

Where there is a federal detainer in place, as there is in this case, the anti-shuttling provision of the IAD is violated when one jurisdiction (Georgia) sends a prisoner to a receiving jurisdiction (the United States), and then the receiving jurisdiction returns the prisoner to the original jurisdiction prior to the final resolution of the case.  See Mauro, 436 U.S. at 349.  Critically, a violation of this provision generally requires dismissal of the unresolved charges.  See Alabama v. Bozeman, 533 U.S. 146, 153-54 (2001) (noting that there is no *de minimis* violation of the IAD).  Although that dismissal is generally *with* prejudice, that is not always the case where, as here, the receiving jurisdiction is the federal government.  United

States v. Gouse, 798 F.3d 39, 42–44 (1st Cir. 2015). As the First Circuit has explained:

> A violation of the anti-shuttling provision of the IAD generally warrants dismissal with prejudice. 18 U.S.C.App. 2 § 2, Art. IV(e); see Alabama v. Bozeman, 533 U.S. 146, 121 S.Ct. 2079, 150 L.Ed.2d 188 (2001) (holding that there is no *de minimis* exception when a state violates the IAD). But, the Act explicitly carves out an exception when the United States is the receiving state. In such matters, the court has a choice: the dismissal can be with or without prejudice. 18 U.S.C.App. 2 § 9(1). To make that determination, courts are tasked with considering: the seriousness of the offenses; the reasons underpinning the violation; and the impact of a re-prosecution on the administration of both the IAD and justice. Id.

Gouse, 798 F.3d 39, at 43. Whether dismissal is with prejudice or without prejudice, the penalty for a violation of the IAD is severe.

A writ issued on January 13, 2022, commands that the defendants be returned to state custody immediately upon completion of a hearing in federal court on January 31, 2022, and another writ issued the same day commands that the defendants be transported to federal court for trial starting on February 7, 2022, and that they be returned to state custody immediately thereafter. To avoid a violation of the IAD, the government respectfully requests that this Court amend the existing writs and explicitly order that, effective immediately, the defendants shall remain in federal custody until after the federal trial and any post-trial proceedings have been resolved.

Respectfully submitted this 18th day of January, 2022.

KRISTEN M. CLARKE
Assistant Attorney General

*s/Christopher J. Perras*
Christopher J. Perras
Special Litigation Counsel
Criminal Section, Civil Rights Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
Massachusetts State Bar No. 682002
Telephone: (202) 307-6962
Email: christopher.perras@usdoj.gov

*s/Barbara (Bobbi) Bernstein*
Barbara (Bobbi) Bernstein
Deputy Chief
Criminal Section, Civil Rights Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
Virginia State Bar No. 38490
Telephone: (202) 353-0032
Email: bobbi.bernstein@usdoj.gov

DAVID H. ESTES
United States Attorney

*s/Tara M. Lyons*
Tara M. Lyons
Assistant United States Attorney
United States Attorney's Office
Southern District of Georgia
P.O. Box 2017
Augusta, GA 30903
South Carolina State Bar No. 16573
Telephone: (706) 826-4532
Email: tara.lyons@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO: 2:21-CR-22 |
| | ) | |
| v. | ) | |
| | ) | |
| TRAVIS MCMICHAEL | ) | |
| GREGORY MCMICHAEL and | ) | |
| WILLIAM "RODDIE" BRYAN | ) | |

## CERTIFICATE OF SERVICE

This is to certify that we have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

Submitted this 18th day of January, 2022.

                                                    DAVID H. ESTES
                                                  United States Attorney

                                                  ***s/Tara M. Lyons***
                                                  Tara M. Lyons
                                                  Assistant United States Attorney
                                                  South Carolina State Bar No. 16573
                                                  United States Attorney's Office
                                                  Southern District of Georgia
                                                  P.O. Box 2017
                                                  Augusta, GA 30903
                                                  Telephone: (706) 826-4532
                                                  Email: tara.lyons@usdoj.gov