UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | CASE NO. 2:21CR22-LGW-BWC |
| ) | |
| GREGORY McMICHAEL, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT GREGORY McMICHAEL'S
### RESPONSE TO GOVERNMENT'S MOTION TO EXCLUDE EVIDENCE

COMES NOW GREGORY McMICHAEL, by and through his counsel of record, and files this Response to Government's Motion to Exclude Evidence, and respectfully requests this Honorable Court deny the Government's Motion and instead admit evidence of Defendant G. McMichael's 911 call, dated on or about July 13, 2019.

The Government seeks to preclude admission of a 911 call made by Defendant G. McMichael on or about July 13, 2019 to the Glynn County Police. (Doc. 188). Defendant G. McMichael reported an interaction with a homeless person under a bridge near the Satilla Shores neighborhood. Moreover, G. McMichael engaged this individual because he suspected him of committing various thefts in Satilla Shores. The 911 call will be corroborated by testimony from a third-party witness who will testify that she saw the same individual under the bridge. She will also testify that the individual was white.

The Defendant wishes to provide this evidence to the jury to rebut the Government's contention that the Defendant acted against Ahmaud Arbery because of his race. Demonstrating that Defendant G. McMichael engaged a white person on suspicion of having committed crimes

is both relevant and material to the central issue of the case, namely that the Defendant acted out of a racial animus.

Counsel for both sides have already stipulated to the authenticity of the 911 recording. The outstanding issue is that of admissibility. Defendant G. McMichael argues primarily that the 911 recording falls under the hearsay exceptions of F.R.E. 803(1) Present Sense Impression and/or F.R.E. 803(2) Excited Utterance. Upon information and belief, Defendant G. McMichael called 911 immediately after confronting the individual under the Fancy Bluff Bridge while still under the emotions of the moment.

If the Court is not persuaded that the recording should be admitted under the aforementioned hearsay exceptions, Defendant G. McMichael seeks admission under F.R.E. 807(a) Residual Exception.

F.R.E. 807 states:

> (a) In General. Under the following conditions, a hearsay statement is not excluded by the rule against hearsay even if the statement is not admissible under a hearsay exception in Rule 803 or 804:
>
> (1) the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and
>
> (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.

In this case, all of the requirements for admission under 807(a) are present. First, Defendant G. McMichael placed this 911 call on or about July 13, 2019, seven months before the event that gave rise to the instant case—in other words, before G. McMichael had any motivation to fabricate an incident with a suspicious white person. Additionally, there exists a witness who will testify that she also observed a white homeless-looking individual under the same bridge at

approximately the same timeframe in 2019.  Finally, testimony has already been gleaned during the trial from a third witness that there were concerns about persons under the bridge.

Second, the 911 recording is more probative than any other evidence that Defendant G. McMichael could put forward on this point.  He made the call near-contemporaneously to observing the individual.

The Supreme Court has recognized special treatment for 911 calls, noting that they are generally considered non-testimonial in nature because they feature a caller whose "primary purpose [is] to enable police assistance to meet an ongoing emergency." Davis v. Washington, 547 U.S. 813, 828 (2006).  That is precisely what Defendant G. McMichael was doing.

"Congress intended the residual hearsay exception to be used very rarely, and only in exceptional circumstances." Rivers v. United States, 777 F.3d 1306, 1312 (11th Cir. 2015) (quoting United Techs. Corps v. Mazer, 556 F.3d 1260, 1279 (11th Cir. 2009)).  Nevertheless, the exception does apply "when certain exceptional guarantees of trustworthiness exist and when high degrees of probativeness and necessity are present." Id. (quoting United States v. Wright, 363 F.3d 237, 245 (3d Cir. 2004)).  This is just such a case.  Given the totality of the circumstances, the independent corroboration, and the timing of the 911 call, the statement falls withing the scope and purpose of the Residual Exception.

For the foregoing reasons, Defendant G. McMichael respectfully requests this Court deny the Government's Motion to Exclude Evidence and instead admit the 911 call made by Defendant G. McMichael.

Respectfully submitted, this 18th day of February, 2022.

                                        Respectfully submitted,

                                        BALBO & GREGG
                                        ATTORNEYS AT LAW, P.C.

                                        /s/ A. J. Balbo
                                        A. J. Balbo, Esq.
                                        Georgia Bar No. 142606

P.O. Box 1297
Richmond Hill, GA  31324
(912) 459-1776 – Telephone
(912) 459-1777 – Facsimile
aj@balbogregg.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

Respectfully submitted, this 18th day of February, 2022.

        Respectfully submitted,

        BALBO & GREGG
        ATTORNEYS AT LAW, P.C.

        /s A. J. Balbo
        A. J. Balbo, Esq.
        Georgia Bar No. 142606

P.O. Box 1297
Richmond Hill, GA  31324
(912) 459-1776 – Telephone
(912) 459-1777 – Facsimile
aj@balbogregg.com