# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CASE NO: 2:21-CR-22** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **TRAVIS MCMICHAEL** | ) | |
| **GREGORY MCMICHAEL, and** | ) | |
| **WILLIAM "RODDIE" BRYAN** | ) | |

## GOVERNMENT'S SECOND MOTION TO EXCLUDE HEARSAY EVIDENCE

NOW COMES the United States of America, by and through David H. Estes, United States Attorney for the Southern District of Georgia, Kristen M. Clarke, Assistant Attorney General for the Civil Rights Division, and the undersigned attorneys, and respectfully moves to exclude evidence of Gregory McMichael's hearsay statements to attorney Alan Tucker concerning the release of the video of the shooting of Ahmaud Arbery. The United States would not object to non-hearsay testimony by Alan Tucker on that subject, including the fact that Gregory McMichael provided him a copy of the video and instructed him to release it to the media, nor would the United States object to the defense arguing any reasonable inferences from such testimony during closing arguments. But the United States would object to testimony by Mr. Tucker about statements Gregory McMichael made to him regarding Gregory McMichael's feelings about the shooting and motives for releasing the video, which straightforwardly qualify as hearsay and do not satisfy any of the exceptions to the hearsay rule. For that reason, the government respectfully submits

that such evidence should be excluded at trial unless Gregory McMichael takes the stand and subjects himself to cross-examination.

## I.    BACKGROUND

In the spring of 2020, months after his armed pursuit of Mr. Arbery and shortly before his arrest, Gregory McMichael met with an attorney and his long-time acquaintance, Alan Tucker, purportedly to seek Mr. Tucker's assistance in releasing a video of the shooting of Mr. Arbery.  The video, filmed by Gregory McMichael's co-defendant William "Roddie" Bryan on his iPhone, captured a brief portion of Gregory McMichael's nearly five-minute armed pursuit of Mr. Arbery.  Specifically, the majority of the 1 minute 44 second video depicts Mr. Bryan's pursuit of Mr. Arbery; but, in the final 26 seconds, the video captures Gregory McMichael and his co-defendant, Travis McMichael, confronting Mr. Arbery, and in quick succession, Travis McMichael shooting and killing Mr. Arbery.

Based on the defense opening statements, it is the government's understanding that Mr. Tucker would testify that Gregory McMichael told him (Mr. Tucker) that he wanted to release the video publicly, because Gregory McMichael believed that the video showed that the shooting was justified.  Notably, by the time Gregory McMichael made these alleged statements to Mr. Tucker, Mr. Arbery's killing had begun to receive increased local and national press attention, including calls for a federal inquiry and Gregory McMichael's arrest.  *See, e.g.*, ATLANTA JOURNAL AND CONSTITUTION, *Civil rights group demands federal probe of Georgia killing* (Apr. 30, 2020); THE BRUNSWICK NEWS,

Dispatcher: 'What was he doing wrong?' (Apr. 29, 2020); N.Y. TIMES, *Two Weapons, a Chase, a Killing and No Charges* (Apr. 26, 2020).

## II.   ARGUMENT

Gregory McMichael's effort to introduce his out-of-court statements through Mr. Tucker is another attempt by Gregory McMichael to testify without subjecting himself to cross-examination—and this effort to introduce inadmissible hearsay should fail for the same reasons stated in the government's motion of February 17, 2022, and the law cited therein, which the government incorporates by reference. *See* Doc. No. 188.

As detailed in the government's prior motion, the government may introduce a defendant's out-of-court statements under Federal Rule of Evidence 801(d)(2)—including statements made by the defendant's agent in the course of their agency relationship, *see* Fed. R. Evid. 801(d)(2)(D). But the inverse is not true. Gregory McMichael may not introduce his own out-of-court statements—whether those statements are recorded or elicited through witness testimony—unless he is able to identify a hearsay exception that permits their admission. *See, e.g.*, *United States v. Willis*, 759 F.2d 1486, 1501 (11th Cir. 1985) (Permitting a defendant to introduce his own statement without subjecting himself to cross-examination is "precisely what is forbidden by the hearsay rule."); *United States v. Cunningham*, 194 F.3d 1186, 1199 (11th Cir. 1999) ("[A] defendant cannot attempt to introduce an exculpatory statement . . . without subjecting himself to cross-examination."); *United States v. Vernon*, 593 F. App'x 883, 890 (11th Cir. 2014) (per curiam) ("A defendant may not

introduce his own exculpatory statement through another witness without subjecting himself to cross-examination."); *see also* Doc. No. 188 (collecting cases).

While the burden is on Gregory McMichael to identify such an exception, *see, e.g.*, 30B *Federal Practice & Procedure Evidence* § 6803 (2018 ed.) ("The proponent of the [hearsay] statement, however, bears the burden of proving each element of a given exception or exclusion." (quoted in *United States v. Reed*, 908 F.3d 102, 121 (5th Cir. 2018)), there is only one such exception here that could plausibly apply here:  the exception for statements concerning the declarant's then-existing state of mind under Federal Rule of Evidence 803(3).  But that exception is sharply circumscribed.  As the Eleventh Circuit has made clear, while Rule 803(8) permits the admission of statements evincing a current "state of mind" or "plan," it "does not permit the witness to relate any of the declarant's statements as to *why* he held the particular state of mind, or *what he might have believed* that would have induced the state of mind."  *United States v. Samaniego*, 345 F.3d 1280, 1282 (11th Cir. 2003) (cleaned up) (emphasis added).  Thus, the Rule applies "narrowly . . . to declarations of condition—'I'm scared'—and not belief—'I'm scared because [someone] threatened me.'"  *Id.*; *see also United States v. Duran*, 596 F.3d 1283, 1297 (11th Cir. 2010) ("[T]he state-of-mind exception does not permit the witness to relate any of the declarant's statements as to why he held the particular state of mind, or what he might have believed that would have induced the state of mind."); *United States v. Nosovsky*, 269 F. App'x 915, 916 (11th Cir. 2008) (Rule 803(3) "is limited to statements about the declarant's present state of mind, and not why the declarant held that particular state

of mind.").  As the Eleventh Circuit has cautioned, such a limit is necessary "'to avoid the virtual destruction of the hearsay rule which would otherwise result from allowing state of mind, provable by a hearsay statement, to serve as the basis for an inference of the happening of the event which produced the state of mind.'" *Samaniego*, 345 F.3d at 1283 (quoting Fed. R. Evid. 803(3) advisory committee's notes).

Under this limited exception, Mr. Tucker could plausibly testify that Gregory McMichael wanted to release the video.  Mr. Tucker could also testify about Gregory McMichael's actions, such as giving him a copy of the video, or Gregory McMichael's instructions, which are, by definition, non-hearsay.   But, under Rule 803(3), Mr. Tucker should not be permitted to offer Gregory McMichael's alleged statement that he *believed* the video was exculpatory or the reasons *why* he held that alleged belief.  The reason is clear:  while Gregory McMichael's statement of intent to release the video could be deemed to reflect his then-existing state of mind ("I'm scared"), any additional statements would express Gregory McMichael's inadmissible beliefs explaining why he held that state of mind ("I'm scared because [someone] threatened me.").  *See* Fed. R. Evid. 803(3) (permitting the admission of "[a] statement of the declarant's then-existing state of mind (such as motive, intent, or plan)" "but not . . . a statement of . . . belief to prove the fact . . . believed"); *see also Cunningham*, 194 F.3d at 1199 (excluding the defendant's statements, including that he "did not understand why he was under arrest" and that he "thought the case was over," as hearsay, because Rule 803(3) "explicitly excludes 'a statement . . . of belief to prove the fact . . . believed'"); *United States v. Bishop*, 264 F.3d 535, 549 (5th Cir. 2001) (excluding the defendant's statement that he "did not

expect he would face criminal charges" as hearsay because the statements "did not reflect his then current feelings or plans, but rather were self-serving assertions that he did not have the requisite intent for the crime now charged").

## III.    CONCLUSION

For the foregoing reasons, if Gregory McMichael wishes to introduce testimony that he intended to release the video because he believed it was exculpatory, the Federal Rules of Evidence and our adversarial system require him to take the witness stand, swear an oath, and subject himself to cross-examination.

KRISTEN M. CLARKE
Assistant Attorney General

**_s/Christopher J. Perras_**
Christopher J. Perras
Special Litigation Counsel
Criminal Section, Civil Rights Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
Massachusetts State Bar No. 682002
Telephone: (202) 307-6962
Email: christopher.perras@usdoj.gov

**_s/Barbara (Bobbi) Bernstein_**
Barbara (Bobbi) Bernstein
Deputy Chief
Criminal Section, Civil Rights Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
Virginia State Bar No. 38490
Telephone: (202) 353-0032
Email: bobbi.bernstein@usdoj.gov

DAVID H. ESTES
United States Attorney

**_s/Tara M. Lyons_**
Tara M. Lyons
Assistant United States Attorney
United States Attorney's Office
Southern District of Georgia
P.O. Box 2017
Augusta, GA 30903
South Carolina State Bar No. 16573
Telephone: (706) 826-4532
Email: tara.lyons@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CASE NO: 2:21-CR-22** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **TRAVIS MCMICHAEL** | ) | |
| **GREGORY MCMICHAEL, and** | ) | |
| **WILLIAM "RODDIE" BRYAN** | ) | |

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing which was generated as a result of electronic filing in this Court.

This 18th day of February 2022.

Respectfully submitted,

DAVID H. ESTES
UNITED STATES ATTORNEY

*/s/ Tara M. Lyons*
Tara M. Lyons
South Carolina Bar No. 16573
Assistant United States Attorney
United States Attorney's Office
Southern District of Georgia
P.O. Box 2017
Augusta, Georgia 30903
T: (706) 724-0517
tara.lyons@usdoj.gov

7